IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT AT MEMPHIS

LLOYD'S ACCEPTANCE CORP.; BARRY COHEN, individually;
21st CENTURY COMMUNITIES, INC.; and
HIGHLAND CREEK ACQUISITION, LLC

    Plaintiffs,

vs.                                                  No. 2:17-cv-02203
                                                  JURY DEMANDED

CARROLL PROPERTY
MANAGEMENT, LLC;
HEDIGER ENTERPRISES, INC.;
and CARROLL ORGANIZATION, LLC

    Defendants.

PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION TO DISMISS

       Plaintiffs Lloyd's Acceptance Corp., Barry Cohen, 21st Century Communities, Inc., and Highland Creek Acquisition, LLC (collectively "Plaintiffs") now file this response to oppose the Defendants' motion to dismiss and would respectfully show as follows:

**INTRODUCTION**

       After obtaining judgment on the pleadings in earlier litigation against a company called Forest Creek Townhomes, LLC ("Forest Creek") on the basis that it essentially had an insufficient connection to Defendants or to Barry Cohen to be able to state a claim for negligent misrepresentation and having successfully opposed Plaintiff Barry Cohen being permitted to be joined to that litigation as a party to assert that claim, Defendants now ask the Court to treat the claims of these Plaintiffs, including Mr. Cohen, as barred by res judicata.

As demonstrated below, Defendants push res judicata beyond its recognized boundaries as part of a "have its cake and eat it too" overreach. Simply put, Defendants having successfully argued in an earlier lawsuit that statements made to Mr. Cohen were not equivalent to statements made to one of his companies should not be permitted to terminate this litigation by arguing to the contrary when it now behooves them to do so. After demonstrating that Forest Creek did not even exist at the time the false statements at issue were made, Defendants cannot now claim that Plaintiffs are somehow in privity with Forest Creek for res judicata purposes. Defendants' argument is an effort to have there be not even one person or entity who will be permitted to pursue a claim against Defendants for the negligent misrepresentations made by its agents and should be rejected by this Court and the motion to dismiss denied.

## FACTUAL AND PROCEDURAL BACKGROUND

In setting forth the prior history of the earlier litigation between two of the three Defendants and Forest Creek, Defendants have misstated aspects of the outcome of that case in furtherance of their effort to extend res judicata principles beyond recognized boundaries. In addition, they have sought to downplay other significant facts including ones on which they relied in the prior litigation.

On June 13, 2017, the Sixth Circuit affirmed rulings made by the district court in prior litigation styled, *Forest Creek Townhomes, LLC v. Carroll Mgmt. Group, LLC et al.*, No. 2:15-cv-0255-JPM-tmp. (Sixth Circuit Case No. 16-5759, Document 31-2 Opinion. at 10.) Included in the rulings affirmed was a ruling granting the defendants in that case judgment on the pleadings against Forest Creek on its asserted claim for negligent misrepresentation. As the district court's ruling, the Sixth Circuit's opinion, and even the Defendants' memorandum in support of its motion to dismiss this litigation all point out, Forest Creek did not exist at the time

of the making of the alleged misrepresentations in 2010 and only was formed on November 28, 2011.  (Doc. 21-1: Mem. in Supp. of Defs.' Motion to Dismiss at 6.)

Another relevant district court ruling that was affirmed by the Sixth Circuit was an order denying Mr. Cohen's request to be joined as a plaintiff in that litigation.  The district court indicated in its ruling that it was denying the effort to join Mr. Cohen as a party to pursue a claim for negligent misrepresentation for two reasons: (1) Forest Creek's negligent misrepresentation claim had already been dismissed from the litigation; and (2) a perceived lack of standing.  (See Forest Creek Townhomes v. Carroll Management Group et al., No. 2:15-cv-02577, Doc. 44, May 3, 2016 Order at 21).  The Sixth Circuit order did not affirm both aspects of the district court ruling.  Rather, the Sixth Circuit only affirmed the denial of joinder because Forest Creek's negligent misrepresentation had already been dismissed from the litigation.  (Sixth Circuit Case No. 16-5759, Document 31-2 Opinion. at 10-11.)

Of additional relevance to the adjudication of the present motion are two additional pieces of information regarding the prior litigation.  On May 3, 2016, the district court order in the prior litigation expressly stated that Lloyd's Acceptance Corp. would have standing to bring a suit for negligent misrepresentation against the defendants.  (See Forest Creek Townhomes v. Carroll Management Group et al., No. 2:15-cv-02577, Doc. 44, May 3, 2016 Order at 21.) Language from the Sixth Circuit opinion in that case also suggests a different entity Highland Creek Acquisition , LLC was an entity that would have standing as well.  (Sixth Circuit Case No. 16-5759, Document 31-2 Opinion. at 9-10.)

While the Sixth Circuit appeal was pending in the *Forest Creek* litigation, the original complaint in this litigation was filed and then immediately stayed at the request of the Plaintiffs until a ruling from the Sixth Circuit was obtained.  After the Sixth Circuit ruling, Plaintiffs filed

3

the First Amended Complaint to remove Forest Creek as a plaintiff and to drop the claims for breach of contract from this litigation.

The First Amended Complaint in this cause alleges all of the following specific facts:

On January 27, 2011, Barry Cohen visited an apartment complex located at 1305 Turkey Run Lane in Memphis, Tennessee ("the Property") to inspect it for a potential purchase. (First Am. Compl. ¶ 13.) At that time, the Property was being managed by Defendant Hediger Enterprises, Inc. (Id. ¶ 12.) At the time of his visit, Mr. Cohen was the president of Plaintiff Lloyd's Acceptance Corporation and Plaintiff 21st Century Communities, Incorporated. (Id. ¶ 13.) Mr. Cohen was informed that agents of Defendant Hediger, specifically Jonathan Wogan and Arlene Elliott, would meet him at the Property. (Id. ¶ 14.) Defendant Hediger's agents, both Mr. Wogan and Ms. Elliott, knew that the inspection was for the purpose of Mr. Cohen making a decision about whether to purchase the Property, through some form of business entity, because Mr. Cohen so advised them personally. (Id. ¶¶ 15, 20.)

During the inspection, there were many apartment units, at least 165, that were boarded up and otherwise not accessible. (Id. ¶ 17.) Mr. Cohen asked Mr. Wogan and Ms. Elliott specific and detailed questions about the condition of the Property and its apartment units. (Id. ¶ 16.) When Mr. Cohen asked about the boarded up units, Mr. Wogan and Ms. Elliott informed him it was to prevent vandalism at the Property. (Id. ¶ 18.) Mr. Wogan and Ms. Elliott also made representations to Mr. Cohen that there had been prior flooding from an overflowing creek but that past mold problems at the Property had been remediated. (Id. ¶ 19.) The information provided to Mr. Cohen about the lack of mold problems at the Property was false and inaccurate was negligently supplied to Mr. Cohen and for the purpose of guiding him in his business transactions. (Id. ¶¶ 29-30.) Mr. Cohen, in reasonable reliance upon the representations made

4

by Mr. Wogan and Ms. Elliott, decided to use a business entity, Highland Creek, to make an offer to purchase the Property and decided to cause another entity for which he was an agent, Lloyd's Acceptance, to loan the money necessary for purchase of the Property. (Id. ¶¶ 21-22.)

## ARGUMENT AND ANALYSIS

"The doctrine of res judicata should be invoked with care because it blocks a litigant's access to the courts. Because the doctrine is grounded on considerations of fairness and efficiency, it should not be applied rigidly when these interests would not be served. It should not be adhered to when its strict application would work an injustice." Mitchell v. Hutchins, M2004-01592-COA-R10-CV, 2006 WL 287372, at *2 (Tenn. Ct. App. Feb. 6, 2006). The prior suit filed by Forest Creek was dismissed based on a judicial finding that Forest Creek was not an entity that the Defendants could have reasonably foreseen would rely upon negligently provided information in a commercial transaction. To now permit Defendants to use the dismissal of that lawsuit to foreclose other entities who were reasonably foreseeable victims would be the very kind of injustice resulting from a strict application of the doctrine of res judicata that this Court should avoid.

The law is well settled that "the party asserting res judicata as a defense must show that there is: '(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.'" In re Regions Morgan Keegan Secs., Derivative and Erisa Litigation, 166 F. Supp. 2d 948, 962 (W.D. Tenn. 2014) (quoting Winget v. JP Morgan Chase Bank, N.A., 537 F.3d 565, 577-78 (6th Cir. 2008)). "A party asserting res judicata as a defense bears the burden of proving each element." Malin v. JPMorgan, 860 F. Supp. 2d 574, 581 (E.D. Tenn. 2012).

5

Neither the prior dismissal of Forest Creek's negligent misrepresentation claim nor the judicial refusal to permit Mr. Cohen to be joined as a plaintiff in Forest Creek's earlier lawsuit should now foreclose Plaintiffs from pursuing a claim for negligent misrepresentation based on the false statements regarding the absence of mold made by Defendants' agents.  Depending on the party focused upon, the problem with Defendants' argument for res judicata treatment fails for different reasons.  Defendants have failed to demonstrate that any current Plaintiff is a "privy" of Forest Creek for purposes of evaluating the application of res judicata.  As to Mr. Cohen, Defendants cannot demonstrate that any ruling in the earlier litigation as to Mr. Cohen's ability to bring suit in his individual capacity was a final decision "on the merits."

### A.     Plaintiffs Are Not Privies of Forest Creek For Res Judicata Purposes.

The term "privity" when used in connection with res judicata does not mean the same thing as the term "privity" when used in addressing contractual relationships.  See Goza v. SunTrust Bank, No. W2014-00635-COA-R3-CV, 2015 WL 4481267, at *5 (Tenn. Ct. App. July 22, 2015).  "The Sixth Circuit defines a party in privity as 'a successor in interest to the party, one who controlled the earlier action, or one whose interests were adequately represented.'"  In re Regions Morgan Keegan, 166 F. Supp. 2d at 963 (quoting Sanders Confectionary Prods., Inc. v. Heller Fin., Inc., 973 F.2d 474, 481 (6th Cir. 1992).  "Corporations 'are treated as entities separate from their officers, directors, and shareholders for purposes of preclusion just as for other purposes.'"  In re Regions Morgan Keegan, 166 F. Supp. 2d at 963 (quoting Dorchen/Martin Assocs., Inc. v. Brook of Boyne City, Inc., 2013 WL 2418175, at *7 (E.D. Mich. June 3, 2013)).

"For res judicata purposes, the concept of privity involves an examination of the parties' relationship to the subject matter of the litigation, not the relationships between the parties

themselves." Goza, 2015 WL 4481267, at *5 (citing Trinity Indus., Inc. v. McKinnon Bridge Co., 77 S.W.3d 159, 185 (Tenn. Ct. App. 2001); State ex rel. Cihlar v. Crawford, 39 S.W.3d 172, 180 (Tenn. Ct. App. 2000); Phillips v. General Motors Co., 669 S.W.2d 665, 669 (Tenn. Ct. App. 1984)). "In other words, privity is not established by parties being legally connected, either by contract, blood, or some other means, but rather whether they can claim the same legal rights asserted to the subject matter." Suntrust Bank v. Stoner, No. 3:07-cv-397, 2009 WL 998403, at *2 (E.D. Tenn. Apr. 14, 2009).

"A 'shared identity of interests' takes into account the working relationship between the parties 'in which the interests of the nonparty are presented and protected by the party in the litigation.'" In re Regions Morgan Keegan, 166 F. Supp. 2d at 963 (quoting Vanmeerbeeck v. M&T Bank, 2012 WL 2943499, at **3-4 (E.D. Mich. July 18, 2012)).  The fundamental message sent by the Court's ruling in the prior litigation was that Forest Creek had no real interest in the purchase of the Property sufficient to pursue a remedy for negligent misrepresentation because the notion that the information would make its way to Forest Creek was not foreseeable beyond "the ever-present possibility of repetition to anyone." (See Forest Creek Townhomes v. Carroll Management Group et al., No. 2:15-cv-02577, Doc. 36, January 25, 2016 Order at 9). Forest Creek, as an entity, did not come into corporate existence until November 28, 2011 and, thus, did not even exist at the time of the negligent misrepresentations in question. (Sixth Circuit Case No. 16-5759, Document 31-2, Opinion. at 2-3, 10.) Accordingly, res judicata should not preclude Plaintiffs from pursuing a claim for negligent misrepresentation. Any conclusion that Forest Creek somehow "adequately represented" the interest of these Plaintiffs in the prior litigation would be exactly the kind of *injustice* from strict application of the doctrine that should be avoided.

Further, permitting Defendants, now that it suits them, to argue that Mr. Cohen's connection to Forest Creek and his connection to other entities demonstrates a sufficient alignment of interests may actually go so far as to run afoul of principals of judicial estoppel. See Edwards v. Aetna Life Ins. Co., 690 F.2d 595, 598 (6th Cir. 1982) ("The doctrine of judicial estoppel applies to a party who has successfully and unequivocally asserted a position in a prior proceeding; he is estopped from asserting an inconsistent position in a subsequent proceeding.") Defendants previously argued that because Mr. Cohen was not Forest Creek's sole member until January 2015, Forest Creek could not rely upon statements that were made to Mr. Cohen back in 2011. The Sixth Circuit relied upon Defendants' argument in ruling that the Defendants could not be expected to foresee the transmission of information to Forest Creek. (Sixth Circuit Case No. 16-5759, Document 31-2 Opinion. at 10.)

Having successfully argued that Forest Creek was so far removed from the underlying misrepresentation that it was not within the scope of persons who could assert such a claim, this Court should reject Defendants's current argument that Forest Creek's prior lawsuit bars these Plaintiffs from pursuing that claim on the basis of alleged "connections" between Forest Creek and Plaintiffs. See New Hampshire v. Maine, 532 U.S. 742, 751 (2001) (explaining that a consideration for courts "is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped").

**B.     The Denial of the Effort to Join Barry Cohen as a Plaintiff in the Earlier Litigation Was Not a Judgment on the Merits As to His Claim.**

As to Mr. Cohen, there was no ruling in the prior litigation that constituted a judgment on the merits regarding his ability to pursue a claim for negligent misrepresentation. "In general, res judicata prohibits the relitigation of the same claim by the same party if the previous action ended with a valid judgment on the merits." Quasem Group, Ltd. v. W.D. Mask Cotton Co., 967

8

F. Supp. 288 (W.D. Tenn. 1997) (citing Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)).  While the prior ruling is a federal court judgment, Tennessee law is equally clear that "the prior judgment must conclude the rights of the parties on the merits." J.M. Hanner Constr. Co., Inc. v. Thomas Brothers Constr. Co., Inc., No. E2011-01641-COA-R9-CV, 2012 Tenn. App. LEXIS 487, at *10 (Tenn. Ct. App. July 24, 2012) (citing Young v. Barrow, 130 S.W.3d 59, 64 (Tenn. Ct. App. 2003)).  Based on the foregoing, it is clear that when dismissals flow from procedural defects, including lack of standing to sue, then res judicata is not applicable.

The district court denied Forest Creek's request to join Mr. Cohen to the prior litigation as a party to pursue a claim for negligent misrepresentation for two reasons: (1) Forest Creek's own negligent misrepresentation claim had already been dismissed from the litigation; and (2) a conclusion that Mr. Cohen lacked standing, (See Forest Creek Townhomes v. Carroll Management Group et al., No. 2:15-cv-02577, Doc. 44, May 3, 2016 Order at 21).  The Sixth Circuit order resolving that earlier litigation, however, did not affirm both aspects of that district court ruling.  The Sixth Circuit only affirmed the denial of joinder because Forest Creek's negligent misrepresentation had already been dismissed from the litigation.  (Sixth Circuit op. at 10-11.)  Thus, the district court's determination regarding Mr. Cohen's standing does not even amount to the fodder of a collateral estoppel argument as to Mr. Cohen's standing, much less grounds for res judicata treatment as to other Plaintiffs in this lawsuit.  Even if it could be construed to offer collateral estoppel with respect to Mr. Cohen and his standing (which is denied), standing is not a ruling on the merits that would apply with res judicata affect to other Plaintiffs bringing suit for negligent misrepresentation.

"Standing to sue is part of the common understanding of what it takes to make a justiciable case." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 102, 109 (1998). "Standing 'goes to [a c]ourt's subject matter jurisdiction.'" Kepley v Lanz, 715 F.3d 969, 972 (6th Cir. 2013) (quoting Loren v. Blue Cross & Blue Shield, 505 F.3d 598, 607 (6th Cir. 2007)). Because the granting of judgment on the pleadings against Forest Creek in the prior litigation as to the claim for negligent misrepresentation was an adjudication that Forest Creek lacked standing, that ruling is not a resolution on the merits to which res judicata applies. See Green Party v. Hargett, No. 3:14cv1274, 2014 U.S. Dist. LEXIS 101252 at *7 (M.D. Tenn. July 23, 2014) (explaining that a prior ruling by the district judge that the Green Party lacked standing in an earlier action "between the Green Party and the Defendants is not entitled to res judicata on the merits of Plaintiff Green Party's claims and the claims of the other individual Plaintiffs in this action"). Simply put, a dismissal premised upon lack of standing is an outcome reached "for want of parties," and not one in which the judgment is treated as having the requisite finality for purposes of application of res judicata. See Johnson v. Williams, 568 U.S. 289, 308-09 (2013) (Scalia, J., concurring) ("[P]resumption of finality … disappears whenever the record shows that the court did not pass upon the merits but dismissed the bill ... for want of parties … or on any other ground not going to the merits.")

Based on the foregoing, the district court's statements about Mr. Cohen's standing which were not adopted by the Sixth Circuit, do not support dismissal of Mr. Cohen's claim because the question of his standing has not been finally resolved. Moreover, even if this Court were to agree with Defendants that Mr. Cohen is precluded from arguing that he has standing personally as a plaintiff, a dismissal based on lack of standing is not a ruling on the merits and does not bar pursuit of this lawsuit by the other Plaintiffs. The injustice that would be created by such an

outcome is even more apparent when both the district court and the Sixth Circuit after hearing the earlier litigation could not agree on precisely which Plaintiff would have standing but both indicated an opinion that at least one of the entities who are Plaintiffs in this suit would have standing to pursue a claim for negligent misrepresentation. The district court in Forest Creek's case expressly observed its view that Lloyd's Acceptance would have standing to bring a suit for negligent misrepresentation. (See Forest Creek Townhomes v. Carroll Management Group et al., No. 2:15-cv-02577, Doc. 44, May 3, 2016 Order at 21.) The Sixth Circuit opinion likewise reflects an opinion that Highland Creek was an entity that would have standing. (Sixth Circuit Case No. 16-5759, Document 31-2 Opinion. at 9-10 ("The complaint does allege that Defendants communicated directly with Cohen about continuing management services at the Property after Highland Creek's purchase, suggesting that Defendants likely recognized a connection between Cohen and Highland Creek, at least immediately after the purchase. But Highland Creek is not the Plaintiff.")).

      **C.**     **Defendants' Argument About Lack of Specificity of Pleadings Is Meritless.**

As to Defendants' argument, offered almost as but an afterthought in its motion, that the First Amended Complaint lacks specificity as to the allegations of negligent misrepresentation, the Court can quickly brush that argument aside. "Tennessee's courts have … recognized the common-law tort of negligent misrepresentation and have adopted the Restatement (Second) of Torts § 552 (1977) as the guiding principle with regard to these claims." Hodge v. Craig, 382 S.W.3d 325, 344 (Tenn. 2012). Guidance within Section 552 of the Restatement (Second) itself explains the fairly wide net of persons who can qualify as someone "for whose guidance the information is supplied:"

> [I]t is not necessary that the maker should have any particular person in mind as the intended, or even the probable, recipient of the information. In other words, it

11

> is not required that the person who is to become the plaintiff be identified or known to the defendant as an individual when the information is supplied. It is enough that the maker of the representation intends it to reach and influence either a particular person or persons, known to him, or a group or class of persons, distinct from the much larger class who might reasonably be expected sooner or later to have access to the information and foreseeably to take some action in reliance upon it.

(Restatement (Second) of Torts § 552 cmt. h). The First Amended Complaint filed in this case provides even more specific allegations both as to the nature of the negligent misrepresentation and as to the reasonable reliance of the Plaintiffs in support of the negligent misrepresentation claim than the allegations that Defendants previously admitted were sufficient. (First Am. Compl. ¶¶ 13-22, 26, 28-33.)

Thus, Defendants' present arguments that somehow the allegations made regarding the negligent misrepresentations in question are of insufficient specificity to state a claim are difficult to reconcile with the fact that defendants conceded in the underlying litigation that the Second Amended Complaint Forest Creek sought permission to file would have been sufficient to meet the particularity pleading requirement. (See Forest Creek Townhomes v. Carroll Management Group et al., No. 2:15-cv-02577, Doc. 36, January 25, 2016 Order at p.8 ("Defendants concede that Plaintiff's proposed Second Amended Complaint cures the particularity defects in the First Amended Complaint….")).

Based on the foregoing, the allegations in the First Amended Complaint clearly and sufficiently state a plausible claim for negligent misrepresentation against the Defendants.

## **CONCLUSION**

For all of the foregoing reasons, Defendants' motion to dismiss should be denied.

Respectfully submitted,

/s/ Adam M. Nahmias (by BSF w/perm.)
Adam M. Nahmias (#16227)
Law Offices of Libby & Nahmias
150 Court Avenue
Memphis, Tennessee  38103
(901) 343-0777
adam@lnlawmemphis.com

/s/ Brian S. Faughnan
Brian S. Faughnan (#19379)
Lewis Thomason
40 South Main Street, 29th Floor
Memphis, TN  38103
(901) 525-8721
bfaughnan@LewisThomason.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 8, 2017, a true and correct copy of the foregoing document was filed electronically and will be sent by electronic means through the Court's ECF System to all parties indicated on the electronic filing record.  In addition, a copy of the foregoing will be served by U.S. mail, postage prepaid, upon Jeffrey E. Nicoson, Esq., Leitner, Williams, Dooley & Napolitan, PLLC, 80 Monroe Ave., Suite 800, Memphis, Tennessee 38103.

/s / Brian S. Faughnan