IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| LLOYD'S ACCEPTANCE, CORP.;<br>BARRY COHEN; 21ST CENTURY<br>COMMUNITIES, INC.; and<br>HIGHLAND CREEK ACQUISITION,<br>LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>CARROLL PROPERTY MANAGEMENT,<br>LLC; HEDIGER ENTERPRISES,<br>INC.; and CARROLL<br>ORGANIZATION, LLC,<br><br>    Defendants. | No. 2:17-cv-02203-SHM-tmp |

---

ORDER

---

Before the Court is Defendants Carroll Property Management
LLC ("Carroll Property"), Hediger Enterprises, Inc.
("Hediger"), and Carroll Organization, LLC's ("Carroll
Organization") (collectively, "Defendants") August 3, 2017
Motion to Dismiss. (ECF No. 21.) Plaintiffs Lloyd's
Acceptance Corp. ("Lloyd's"), Barry Cohen, 21st Century
Communities, Inc. ("21st Century"), and Highland Creek
Acquisition, LLC ("Highland Creek") (collectively,
"Plaintiffs") responded on September 8, 2017. (ECF No. 13.)
Defendants replied on September 19, 2017. (ECF No. 28.)

For the following reasons, the Motion to Dismiss is GRANTED is part and DENIED in part.

**I.  Background**

Plaintiffs allege that Defendants negligently misrepresented the existence of mold at the Highland Creek Apartments located at 1305 Turkey Run Lane in Memphis, Tennessee ("the Property") prior to purchase.  (Am. Compl., ECF No. 13 ¶¶ 9, 29, 31-32.)

On July 10, 2007, MPI Coventry Village, LLC ("MPI Coventry"), then-owner of the Property, contracted with Miles Properties, Inc. ("Miles") for property management services (the "Management Agreement").  (Id. ¶ 9.)

In May 2010, Defendant "Carroll Property and/or Carroll Organization" purchased Defendant Hediger.  (Id. ¶ 10.)  Also in 2010, Miles filed for bankruptcy protection and sought to transfer its interest in certain property management contracts, including the Management Agreement for the Property, to Hediger.  (Id. ¶¶ 11-12.)

On January 27, 2011, Plaintiff Barry Cohen, in his capacity as president of Lloyd's and 21st Century, visited the Property to consider a potential purchase and is alleged to

have been incorrectly informed by Defendants' employees that the Property had no mold. (Id. ¶¶ 13-19.)

On September 27, 2011, Plaintiff Highland Creek purchased the Property. (Id. ¶ 22.)[1] Lloyd's, of which Cohen was president, loaned Highland Creek the funds to purchase the Property and held a first mortgage on the Property. (Id. ¶¶ 13, 22.)

On or about November 16, 2011, Lloyd's foreclosed on the Property and was the highest bidder at the foreclosure sale. (Id. ¶ 24.)

Forest Creek Townhomes, LLC ("Forest Creek") was formed on November 28, 2011. (ECF No. 21-7.) Lloyd's transferred the Property to Forest Creek on November 29, 2011. (Forest Creek Townhomes, LLC v. Carroll Management Group, LLC et al, No. 2:15-cv-02577-JPM-tmp (W.D. Tenn.) ("Forest Creek"), ECF No. 44 at 621-22 (citing Cohen Aff. ¶ 7).)

Plaintiffs discovered mold on the Property in March 2014. (Am. Compl., ECF No. 13 ¶ 26.)

On October 22, 2014, Forest Creek filed a complaint in the Tennessee Chancery Court against "Carroll Management Group,

---

[1] On September 16, 2011, Highland Creek was formed to purchase the Property. (Forest Creek Townhomes, LLC v. Carroll Management Group, LLC et al, No. 2:15-cv-02577-JPM-tmp (W.D. Tenn.)("Forest Creek"), ECF Nos. 36, 44.)

LLC, d/b/a Carroll Organization and Carroll Property

Management, LLC" and Hediger. (Forest Creek, ECF No. 1-2 at

13.) The complaint sought damages for breach of the Management

Agreement and negligent misrepresentation. (Id. at 16.) On

February 5, 2015, Forest Creek amended the complaint, removing

"Carroll Management Group, LLC, d/b/a Carroll Organization"

from the action. (Id. at 41.) On September 2, 2015,

Defendants Carroll Property and Hediger filed a notice of

removal in this Court. (Id., ECF No. 1.)

On September 9, 2015, Defendants Carroll Property and

Hediger filed a Motion for Judgment on the Pleadings. (Id.,

ECF No. 6.) They argued that Forest Creek lacked standing to

assert its claim for breach of the Management Agreement and had

failed to plead negligent misrepresentation adequately. (Id.)

On January 25, 2016, the court found that Forest Creek had

failed to state a claim for negligent misrepresentation.

"[T]he Court cannot reasonably infer that because Defendants

made a statement to one potential purchaser, they intended to

share the statement or had knowledge that the statement would

be shared with all future potential purchasers, ad infinitum,

without further due diligence." (Id., ECF No. 36 at 466.)

Forest Creek had not alleged that "Defendants intended to

supply or knew that Cohen intended to supply this information to any class of persons outside of Highland Creek." (Id.)

On February 8, 2016, Forest Creek filed a Brief in Response to Order on Motion for Judgment on the Pleadings and Request for Permissive Joinder of Additional Parties, seeking to add Cohen as a co-plaintiff. (Id., ECF No. 37.) Defendants opposed. (Id., ECF No. 41.)

On May 3, 2016, the Court decided that Cohen could not be joined to bring a negligent misrepresentation claim, giving two reasons. (Id., ECF No. 44 at 638.) First, the negligent misrepresentation claim had been dismissed. (Id.) Second, Cohen lacked standing to bring a negligent misrepresentation claim against Defendants Carroll Property and Hediger. (Id.)

The Court entered judgment in defendants' favor the same day. (Id., ECF No. 45.) Forest Creek appealed the dismissal of its negligent misrepresentation claim and the denial of its request that Cohen be joined as a co-plaintiff. (See id., ECF Nos. 47, 52-53.)

On March 21, 2017, Lloyd's, Cohen, 21st Century, and Highland Creek filed this action. (ECF No. 1.) The same day they moved to stay pending the Sixth Circuit's decision in

Forest Creek. (ECF No. 10.) The Court granted the motion to stay on March 23, 2017. (ECF No. 11.)

On June 13, 2017, the Sixth Circuit affirmed the district court's decision in Forest Creek. (Forest Creek, ECF No. 52.) The Court of Appeals concluded that the complaint did "not allege that during Cohen's 2011 visit he informed Defendants' representatives how he might be purchasing the Property . . . [or that] Defendants were aware of Cohen's connections to Highland Creek, Lloyd's, or Forest Creek." (Id. at 711.)[2] The court noted that "Defendants arguably could have foreseen that any entity controlled by Cohen that ultimately purchased the Property would rely on Defendants' statements to Cohen in making that purchase (even if Defendants could not have known the name of that entity at the time of their statements because it did not yet exist)." (Id.) On the facts alleged, the court concluded that Highland Creek was the only foreseeable relying entity. (Id. at 711-12.) The court concluded that Forest Creek was not a foreseeable relying entity and affirmed the district court.

The Sixth Circuit also addressed the joinder of Cohen, and affirmed the district court's decision that Cohen could not be joined on a previously dismissed claim. (Id. at 712-13.)

---

[2] Unless otherwise noted, all in-cite citations to docketed material refer to the "PageID" number.

On June 21, 2017, Plaintiffs filed the amended complaint in this case. (Am. Compl., ECF No. 13.) The Court reopened the case the same day. (ECF No. 14.)

On August 8, 2017, Defendants filed the Motion to Dismiss. (ECF No. 21.)

On October 16, 2017, the Court ordered Plaintiffs to submit evidence to establish complete diversity between the parties. (ECF No. 29.) Plaintiffs submitted that evidence on October 25, 2017. (ECF No. 30.)

## II. Jurisdiction & Choice of Law

### A. Jurisdiction

The Court has diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff Lloyd's is a Nevada corporation with its principal place of business in Nevada. (Am. Compl., ECF No. 13 ¶ 1.) Plaintiff Cohen is an adult citizen and resident of Nevada. (Id. ¶ 2.) Plaintiff 21st Century is a Nevada corporation with its principal place of business in Nevada. (Id. ¶ 3.) Plaintiff Highland Creek is a Tennessee limited liability company, whose sole member resides in Nevada. (Id. ¶ 4.)

Defendant Carroll Property is a Georgia limited liability company, whose members reside in Georgia and South Carolina.

(ECF No. 13 ¶ 5.)  Defendant Hediger is a South Carolina corporation with its principal place of business in Georgia. (Id. ¶ 6.)  Defendant Carroll Organization is a Georgia limited liability company.  (Id. ¶ 7.)  Its sole member is a citizen of Georgia.  (ECF No. 34-1.)  There is complete diversity.  Cf. 28 U.S.C. § 1332(a)(1).

Plaintiffs allege that the amount in controversy exceeds $75,000.  (Id. ¶ 33.)  "[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith."  St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938); see also Mass. Cas. Ins. Co. v. Harmon, 88 F.3d 415, 416 (6th Cir. 1996).  The requirements of diversity jurisdiction are satisfied.

**B. Choice of Law**

A motion to dismiss is a matter of federal procedure to which federal law applies.

The parties' underlying dispute is a claim for negligent misrepresentation.  In diversity actions, state substantive law governs.  See, e.g., Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).  A federal court applies the choice-of-law provisions of the state in which it sits.  Id.; Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941); Cole v. Mileti, 133 F.3d 433, 437 (6th Cir. 1998) ("It is well-established that

8

federal courts sitting in diversity must apply the choice-of-law rules of the forum state.") (citing cases).  For tort claims, Tennessee follows the "most significant relationship" rule, which provides that "the law of the state where the injury occurred will be applied unless some other state has a more significant relationship to the litigation."  Hataway v. McKinley, 830 S.W.2d 53, 59 (Tenn. 1992).  To determine which state has the "most significant relationship," Tennessee courts consider seven principles:

> (a)  the  needs  of  the  interstate  and international systems,
>
> (b) the relevant policies of the forum,
>
> (c)  the  relevant  policies  of  other  interested states  and  the  relative  interests  of  those states  in  the  determination  of  the  particular issue,
>
> (d) the protection of justified expectations,
>
> (e) the basic policies underlying the particular field of law,
>
> (f) certainty, predictability, and uniformity of result, and
>
> (g) ease in the determination and application of the law to be applied.

Timoshchuk v. Long of Chattanooga Mercedes-Benz, No. E2008-01562-COA-R3-CV, 2009 WL 3230961, at *10 (Tenn. Ct. App. Oct. 8, 2009) (quoting Restatement (Second) of Conflict of Laws § 6 (1971)).  When applying those principles, courts must consider four factors: "(a) the place where the injury occurred, (b) the

9

place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, [and] (d) the place where the relationship, if any, between the parties is centered." Id. at *10–11 (quoting Restatement (Second) of Conflict of Laws § 145 (1971)); accord Hataway, 830 S.W.2d at 59. "[T]hese contacts are to be evaluated according to their relative importance with respect to the particular issue." Timoshchuk, 2009 WL 3230961, at *11; accord Hataway, 830 S.W.2d at 59.

Here, Plaintiffs and Defendants appear to agree that Tennessee law applies to Plaintiffs' negligent misrepresentation claim. (See Def.'s Mem. in Support of Mot. to Dismiss, ECF No. 21-1 at 110-11 (summarizing Tennessee negligent misrepresentation elements); Pl.'s Resp., ECF No. 27 at 196 (same).)

Although Plaintiff Highland Creek is the only citizen of Tennessee, it allegedly suffered harm because of Defendants' acts in Tennessee. (ECF No. 13 ¶¶ 4, 19-20.) Even if the other Plaintiffs ultimately suffered financial harm in Nevada, the conduct causing their alleged injuries occurred in Tennessee. (Id. ¶¶ 19-20.) Tennessee has a more significant relationship to the litigation. See Hataway, 830 S.W.2d at 59. No principle weighs against applying Tennessee law. See

_Timoshchuk_, 2009 WL 3230961, at *10. Therefore, the Court will apply Tennessee law to Plaintiffs' negligent misrepresentation claim. See _Hataway_, 830 S.W.2d at 59; _Timoshchuk_, 2009 WL 3230961, at *10; see also _GBJ Corp. v. E. Ohio Paving Co._, 139 F.3d 1080, 1085 (6th Cir. 1998).

The parties also dispute the application of res judicata and collateral estoppel to Plaintiffs' claim for negligent misrepresentation. A federal court sitting in diversity applies the choice-of-law rules of the forum state to determine questions of res judicata and collateral estoppel. _Ventas, Inc. v. HCP, Inc_., 647 F.3d 291, 303 n.4 (6th Cir. 2011) (citing _Taveras v. Taveraz_, 477 F.3d 767, 783 (6th Cir. 2007)) (res judicata); _JZG Resources, Inc. v. Shelby Ins. Co._, 84 F.3d 211, 213–14 (6th Cir. 1996) (collateral estoppel). The _Forest Creek_ action for negligent misrepresentation was brought in Tennessee. See _Forest Creek_, No. 2:15-cv-02577 (W.D. Tenn.). Because Tennessee has the most significant relationship to the litigation, and because no principle weighs against applying Tennessee law, the Court will apply Tennessee law in deciding res judicata and collateral estoppel.

## III. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows dismissal of a complaint that "fail[s] to state a claim upon which relief

11

can be granted." A Rule 12(b)(6) motion permits the "defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993) (citing Nishiyama v. Dickson Cnty., 814 F.2d 277, 279 (6th Cir. 1987)). A motion to dismiss is designed to test whether the plaintiff has pled a cognizable claim and allows the court to dismiss meritless cases that would waste judicial resources and result in unnecessary discovery. See Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988).

When evaluating a motion to dismiss for failure to state a claim, the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). If a court decides, in light of its judicial experience and common sense, that the claim is not plausible, the case may be dismissed at the pleading stage. Iqbal, 556 U.S. at 679. The "[f]actual allegations must be enough to raise a right to relief above [a] speculative level." Ass'n of Cleveland Fire Fighters v. City of Cleveland, 502 F.3d 545, 548 (6th Cir. 2007) (quoting Twombly, 550 U.S. at 555). A claim is plausible on its face if "the plaintiff pleads factual

12

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). A complaint need not contain detailed factual allegations. However, a plaintiff's "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. When deciding a 12(b)(6) motion to dismiss, the court may look to "matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint" for guidance. Barany-Snyder v. Weiner, 539 F.3d 327, 332 (6th Cir. 2008) (quoting Amini v. Oberlin Coll., 259 F.3d 493, 502 (6th Cir. 2001)).

## IV. Analysis

Defendants move to dismiss Plaintiffs' claim for negligent misrepresentation, asserting res judicata and lack of standing. (See generally ECF No. 21-1.) Defendants contend that "Cohen is barred from bringing this lawsuit in his individual capacity" because in Forest Creek "Cohen was found to lack standing to bring such a claim in the prior lawsuit and his lawsuit here is res judicata." (Id. at 106-07.) Defendants argue that Plaintiffs' remaining negligent misrepresentation claims are barred by res judicata because they are in privity with Cohen. (Id. at 107-08.) Alternatively, Defendants argue

that Plaintiffs lack standing because they fail to establish
that they suffered an injury.  (Id. at 109-14.)

**A. Res Judicata**

Defendants argue that Plaintiffs are barred from bringing
a negligent misrepresentation claim under the doctrine of res
judicata.

> Tennessee bars under res judicata "all claims
> that were actually litigated or could have been
> litigated in the first suit between the same
> parties." Am. Nat'l Bank & Trust Co. of Chattanooga
> v. Clark, 586 S.W.2d 825, 826 (Tenn. 1979).  Four
> elements must be established before res judicata can
> be asserted as a defense: (1) the underlying judgment
> must have been rendered by a court of competent
> jurisdiction; (2) the same parties were involved in
> both suits; (3) the same cause of action was involved
> in both suits; and (4) the underlying judgment was on
> the merits.  Collins v. Greene County Bank, 916
> S.W.2d 941, 945 (Tenn. Ct. App. 1995) (citing Lee v.
> Hall, 790 S.W.2d 293, 294 (Tenn. Ct. App. 1990)).

Hutcherson v. Lauderdale Cty., Tennessee, 326 F.3d 747, 758
(6th Cir. 2003).

> [R]es judicata under Tennessee law extends not
> only to parties of a prior action, but also those
> with an "identity of interest." Tennessee ex. rel.
> Cihlar v. Crawford, 39 S.W.3d 172, 180 (Tenn. Ct.
> App. 2000); see also Cotton v. Underwood, 223 Tenn.
> 122, 442 S.W.2d 632, 635 (1969).  Privity relates to
> the subject matter of the litigation, not simply to
> the relationship between the parties themselves.
> Cantrell v. Burnett & Henderson Co., 187 Tenn. 552,
> 216 S.W.2d 307, 309-10 (1948); see also Harris v. St.
> Mary's Med. Ctr., 726 S.W.2d 902, 905 (Tenn. 1987).
> Establishing this identity of interest for purposes
> of applying res judicata will "depend[ ] on the facts
> of each case." Cihlar, 39 S.W.3d at 181.

Id. at 759 (6th Cir. 2003); accord Goza v. SunTrust Bank, No.
W201400635COAR3CV, 2015 WL 4481267, at *6 (Tenn. Ct. App. July
22, 2015).

The party raising the defense of res judicata carries the
burden of proving it. Boyce v. LPP Mortg. Ltd., 435 S.W.3d
758, 768 (Tenn. Ct. App. 2013).

In Tennessee, parties are in privity for purposes of res
judicata if they share the same interest in the subject matter
of a lawsuit. Cihlar, 39 S.W.3d at 180. "In other words,
privity requires a person so identified in interest with
another that the person represents the same legal rights." 50
C.J.S. Judgments § 1099 (2017). A party fails to meet its
burden of establishing privity if it does not explain how the
parties share an identity of interest or only considers the
parties' relationship to one another rather than their
relationship to the ligation. Edwards v. City of Memphis, No.
W200702449COAR3CV, 2009 WL 2226222, at *4 (Tenn. Ct. App. July
27, 2009); Glass v. Suntrust Bank, No. W2013-00404-COA-R3CV,
2013 WL 4855400, at *12 (Tenn. Ct. App. Sept. 11, 2013); Acuity
v. McGhee Eng'g, Inc., 297 S.W.3d 718, 735 (Tenn. Ct. App.
2008)

It is undisputed that Plaintiffs Lloyd's, Cohen, 21st
Century, and Highland Creek were not named plaintiffs in the

previous action between plaintiff Forest Creek and defendants Carroll Property and Hediger.

Defendants do not explain how Plaintiffs share Forest Creek's interest in the subject matter of the prior suit. Defendants argue that the principal-agent relationship between Cohen and the other Plaintiffs satisfies the privity requirement of res judicata. (ECF No. 21-1 at 108 (citing ABS Indus., Inc. v. Fifth Third Bank, 333 F. App'x 994, 999 (6th Cir. 2009)(applying res judicata to Ohio state law claims); Sanders Confectionery Prod., Inc. v. Heller Fin., Inc., 973 F.2d 474, 481 (6th Cir. 1992)(applying res judicata to federal law claims)). That is not the issue in Tennessee. Plaintiffs must have the same interest in the subject matter of the litigation. Defendants have failed to meet their burden of establishing privity. Plaintiffs' claim is not barred by res judicata.

**B. Collateral Estoppel**

Defendants argue that Cohen is barred by res judicata from bringing a negligent misrepresentation claim because he was found to lack standing in Forest Creek. (ECF No. 21-1 at 106.) Tennessee courts consider standing in this context to be a question of collateral estoppel. Cihlar, 39 S.W.3d at 179 (analyzing whether collateral estoppel on question of standing

prevented plaintiff from relitigating parentage claim because an interim statute had afforded plaintiff standing since his previous litigation).  Defendants' argument is grounded in collateral estoppel.

Collateral estoppel is an issue-preclusion doctrine that promotes finality, conserves judicial resources, and prevents inconsistent decisions by barring the same parties or their privies from relitigating in a later proceeding legal or factual issues that were actually raised and necessarily determined in an earlier proceeding.  <u>Bowen ex rel. Doe v. Arnold</u>, 502 S.W.3d 102, 107 (Tenn. 2016).

To prevail on a claim of collateral estoppel, a party must establish:

> (1) that the issue to be precluded is identical to an issue decided in an earlier proceeding, (2) that the issue to be precluded was actually raised, litigated, and decided on the merits in the earlier proceeding, (3) that the judgment in the earlier proceeding has become final, (4) that the party against whom collateral estoppel is asserted was a party or is in privity with a party to the earlier proceeding, and (5) that the party against whom collateral estoppel is asserted had a full and fair opportunity in the earlier proceeding to contest the issue now sought to be precluded.

<u>Id.</u> (quoting <u>Mullins v. State</u>, 294 S.W.3d 529, 535 (Tenn. 2009).  In Tennessee, it is not necessary that the party

asserting estoppel have been a party to or in privity with the parties to the original action.  Id. at 115.

In Forest Creek, Cohen sought to join as an additional plaintiff, arguing that he had standing in his individual capacity to assert a claim for negligent misrepresentation against Defendants Carroll Property and Hediger.  (Forest Creek, ECF No. 37 at 4.)  Carroll Property and Hediger argued that Cohen could not demonstrate that he suffered any harm resulting from his reliance on the alleged misrepresentation because (1) he never owned the Property in his individual capacity and (2) he was not a member of Highland Creek or Forest Creek during the relevant time.  (Id., ECF No. 41 at 3-4.)  The court held "that Cohen would lack standing to assert this claim . . . [b]ecause Cohen, in his individual capacity, suffered no harm as a result of the alleged misrepresentation, [and thus] he could not state a plausible claim of negligent misrepresentation."  (Id., ECF No. 44 at 638.)  Forest Creek appealed.  On appeal, the Sixth Circuit affirmed the district court's decision as to Cohen.  The Sixth Circuit found that, because the negligent misrepresentation claim had been previously dismissed, the district court properly rejected Cohen's attempt to join.  (No. 16-5759.)  The Sixth Circuit did not reach the standing issue.

Cohen's claim for negligent misrepresentation against
Defendants is barred by collateral estoppel.  His standing to
bring a negligent misrepresentation claim is the issue decided
in Forest Creek.  His standing was raised in that action, the
parties litigated the issue, and the district court decided
that Cohen lacked standing.  The district court entered a
judgment on the merits that was affirmed by the Sixth Circuit.
Cohen had a full and fair opportunity to contest standing.  He
made arguments to the district court and challenged the
district court's finding on appeal.  The Sixth Circuit's
decision to affirm on grounds unrelated to Cohen's standing
does not depreciate the district court's holding on the merits
or the finality of its judgment in Forest Creek.  Each of the
elements of collateral estoppel is satisfied.  Cohen is
precluded from bringing a negligent misrepresentation claim
against Defendants under the doctrine of collateral estoppel.

### C. Standing

Defendants argue that Plaintiffs Cohen, 21st Century,
Highland Creek, and Lloyd's lack standing to bring a negligent
misrepresentation claim.  (ECF No. 21-1 at 109-14.)

Article III of the Constitution limits the jurisdiction of
federal courts to "cases and controversies."  U.S. Const. art.
3, § 2.  "[T]he core component of standing is an essential and

unchanging part of the case-or-controversy requirement of Article III." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). The plaintiff bears the burden of establishing standing. Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009). To establish standing a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016) (citing Lujan, 504 U.S. at 560). An injury in fact must be both "concrete" and "particularized." Id. "A 'concrete' injury must be 'de facto'; that is, it must actually exist." Id. (citing Black's Law Dictionary 479 (9th ed. 2009)). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" Id. (quoting Lujan, 504 U.S. at 560).

Plaintiffs Cohen, 21st Century, and Highland Creek lack standing because they fail to allege a concrete and particularized injury that is fairly traceable to Defendants' misrepresentation.

The Amended Complaint alleges that "Plaintiffs have sustained damages as a result of their reasonable reliance on false, misleading and otherwise incorrect information provided by Defendants in an amount to be proven at trial, but in no

event less than the sum of $750,000.00." (ECF No. 13 ¶ 33.)
The Amended Complaint does not explain how 21st Century or
Cohen incurred any monetary injury. The Amended Complaint also
does not allege any causal connection between Cohen and 21st
Century's alleged monetary injury and Defendants' alleged
misconduct. The Amended Complaint does not allege that Cohen
or 21st Century purchased the property or had any ownership
rights. Because the Amended Complaint does not allege that
Cohen or 21st Century suffered a concrete and particularized
injury and because there is no causal connection between Cohen
and 21st Century's alleged injury and Defendants' alleged
misconduct, Cohen and 21st Century lack standing.

The Amended Complaint alleges that "Highland Creek
purchased the Property," but did not use its own funds. (ECF
No. 13 ¶ 22.) Rather, Lloyd's "loan[ed] Highland Creek the
funds necessary to purchase the Property." (Id.) Before the
mold was discovered, Lloyd's conducted a foreclosure sale at
which Lloyd's "was the highest and best bidder. . . ." (Id. ¶
24.) The Amended Complaint does not allege that Highland Creek
recovered title or ownership of the property. The Amended
Complaint does not allege that Highland Creek attempted to pay
back its loan or that it defaulted on its loan. The Amended
Complaint does not allege that the foreclosure sale was related

to the mold.  Rather, the Amended Complaint alleges that, "in order to obtain clear title to the Property, Lloyd's declared a default and conducted a foreclosure sale . . . [and] was the highest and best bidder. . . ."  (<u>Id.</u> ¶ 24.)  Highland Creek does not appear to have sustained any monetary loss.  Without alleging a monetary loss or a causal connection between any loss and a misrepresentation, the Amended Complaint fails to state that Highland Creek suffered a concrete and particularized injury.

Lloyd's does allege a concrete and particularized injury that is fairly traceable to Defendants' misrepresentations.[3] Lloyd's is alleged to have relied on Defendants' misrepresentations and loaned Highland Creek money to purchase the Property.  (<u>Id.</u> ¶¶ 21-22.)[4]  That injury is sufficiently concrete and particularized.

The only Plaintiff with standing is Lloyd's.  Defendants' motion is GRANTED as to Plaintiffs Cohen, 21st Century, and Highland Creek.  Defendants' motion is DENIED as to Plaintiff Lloyd's.

---

[3] In the context of negligent misrepresentations, Tennessee courts recognize pecuniary loss that includes the difference between the value of the transaction and the purchase price.  <u>Valmet-Enerdry v. Alcoa Steel Fabricators, Inc.</u>, No. 03A01-9412-CH-00436, 1995 WL 329126, at *5 (Tenn. Ct. App. May 31, 1995) (citing Restatement (Second) of Torts, § 552B(1)).

[4] Defendants do not dispute that they could reasonably foresee Lloyd's would rely on the information.

## V.    Conclusion

For the foregoing reasons, Defendants' motion to dismiss is GRANTED in part and DENIED in part.


So ordered this 26th day of June, 2018.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT COURT JUDGE